FILED
2021 Jul-01  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JOSEPH SCHILLECI, JR.,

       Plaintiff,

  v.

EQUIFAX INFORMATION
SERVICES, LLC,

       Defendant.

Case No. 2:21-cv-00368-RDP

## RULE 26(f) JOINT REPORT OF PARTIES' PLANNING MEETING

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Rule 26(f) Order, Plaintiff Joseph Schilleci, Jr. ("Plaintiff") and Defendant Equifax Information Services, LLC ("Defendant"), by and through the undersigned counsel, hereby submit the following report of the parties' Rule 26(f) conference:

A meeting was held on June 9, 2021 between Whitney Seals, attorney for Plaintiff, and Kearstin Sale, attorney for Defendant.

**Plaintiff's Position:**

Plaintiff asserts that Defendant reported him as deceased on his Equifax credit report.  He is not deceased.  As a result of the inaccurate credit reporting, Plaintiff was harmed.

**Defendant's Position:**

Plaintiff brings claims under §1681e(b) and alleges that Equifax reported him as deceased in around March 2020 and that he was denied several lines of credit and had a home depot account closed because of this reporting. Plaintiff also alleges that after requesting a copy of his credit file disclosure from Equifax in May of 2020, he found an address associated with Plaintiff's father on his file. Equifax maintains that at all relevant times herein, Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reporting concerning Plaintiff in accordance with the FCRA. Equifax will need to conduct discovery regarding Plaintiff's other allegations. Equifax has complied with the FCRA and any other applicable laws in its handling of Plaintiff's credit file, including responding to any disputes Plaintiff submitted to Equifax. Equifax denies that it is liable to Plaintiff, denies that she has been damaged, and denies that it proximately caused Plaintiff to suffer any damages.

1.   **Initial Disclosures.**  The parties will exchange Initial Disclosures by June 25, 2021, in accordance with Federal Rule of Civil Procedure 26(a)(1).

2.   **Discovery Plan.**  The parties propose the following discovery plan:

a.  Discovery will be needed on the following subjects:

**Plaintiff:**  Plaintiff will need discovery regarding the facts and circumstances relating to Plaintiff's being marked as deceased on his credit report as well as the

policies and procedures in place at Equifax involving notations that a consumer is deceased.

**Defendant Equifax:** Equifax will need to conduct discovery regarding (1) other related lawsuits to which Plaintiff was a party; (2) facts and circumstances surrounding each and every allegation in Plaintiff's Complaint; (3) Plaintiff's alleged damages; (4) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Equifax or any action or inaction of Equifax; (5) Plaintiff's financial and consumer history; (6) any communications between Plaintiff and Equifax; (7) any communications between Plaintiff and any other parties regarding the matters alleged in Plaintiff's Complaint; (8) Plaintiff's failure to mitigate her alleged damages; (9) any discovery necessitated by pleadings and other discovery.

b.   Based on the nature of this case, the parties believe that ESI should be produced by the parties in in a reasonably usable format, either PDF or hardcopy, to enable the parties to exchange discoverable information without undue burden or costs. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement by the

parties or a showing of substantial need to the Court for such information in that format.

        c. The Parties have agreed to the following regarding claims of privilege or protection as trial preparation material asserted after production: A party who produces any privileged document or ESI without intending to waive the privilege associated with such document or ESI may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, or within thirty (30) days prior to close of discovery, whichever is later, amend its discovery response and notify the other party that such document or ESI was inadvertently produced and should have been withheld as privileged. Such notice shall identify each particular document or ESI at issue and provide a privilege log for each in accordance with Fed. R. Civ. P. 26(b)(5)(A). Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or ESI and any copies thereof and may not then use information contained exclusively therein until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege. The Parties agree that ESI produced should be provided in PDF format.

d. All discovery shall be commenced in time to be completed by **February 18, 2022**. The parties agree to accept service of discovery requests and responses via electronic mail.

e. A maximum of **twenty-five (25) interrogatories** may be served without leave of court by each party to any other party. Responses shall be due **thirty (30) days** after service.

f. A maximum of **twenty-five (25) requests for production** may be served without leave of court by each party to any other party. Responses shall be due **thirty (30) days** after service.

g. A maximum of **twenty (20) requests for admission** may be served without leave of court by each party to any other party. Responses shall be due **thirty (30) days** after service.

h. A maximum of **five (5) depositions** by each party with a time limit of **seven (7) hours** per deposition.

i. Reports of retained experts under Rule 26(a)(2) are due:

i. From Plaintiff by **October 15, 2021.**

ii. From Plaintiff by **November 12, 2021**.

3. Other Items.

a. The parties do not desire a scheduling conference before entry of a scheduling order.

b.  The parties request a pretrial conference **forty-five (45) days** before trial.

c.  Plaintiff should be allowed until **June 25, 2021** to join additional parties or to amend the pleadings.

d.  Defendant should be allowed until **July 23, 2021** to join additional parties or to amend the pleadings.

e.  All dispositive motions shall be filed by **March 18, 2022**.

f.  The parties will assess the need for alternative dispute resolution, including mediation, before the close of discovery.

g.  The parties consent to the exchange of discovery and documents via electronic mail.

h.  The parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time.  Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for,

and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

i.  The parties agree to provide each other copies of non-party subpoenas for documents at least three (3) business days prior to issuance to assess and assert objections. The parties further agree to provide each other copies of all documents received pursuant to non-party subpoenas within five (5) business days of receipt.

j.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from all parties **twenty-eight (28) days** before trial.

k.  Parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

l.  This case should be ready for trial by **<u>June 2022</u>**, in Birmingham, Alabama and at this time is expected to take approximately **two (2) to three (3) days** to try.

## Consent Statement:

Defendant's counsel has permission to file this Report of Parties' Planning Meeting on behalf of Plaintiff's counsel.

Respectfully Submitted,

*/s/ Whitney Seals*
*Attorney for Plaintiff*

7

_/s/ Brock Phillips_
W. Brock Phillips, Esq.
MAYNARD COOPER & GALE
1901 Sixth Avenue North
Regions Harbert Plaza - Suite 1700
Birmingham, AL  35203
Telephone:  (205) 254-1053
bphillips@maynardcooper.com

_Counsel for Defendant_
_Equifax Information Services LLC_

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Brock Phillips*
OF COUNSEL